.THE CONTINENTAL INSURANCE COMPANY v. D. F. FRANCIS *et al.*

No. 13,017.   (72 Pac. 1098.)

INSURANCE POLICY — *Proof of Loss Unnecessary*.  Where an adjuster appears and actually adjusts a loss, determining the amount and time of payment with one of the parties interested in the contract, the necessity of making proof of loss is thereby obviated.

Error from Phillips district court ; A. C. T. GEIGER, judge.  Opinion filed April 11, 1903.  Affirmed.

*Gleed, Ware & Gleed,* and *N. B. McCormick,* for plaintiff in error.

*W. G. Bissell,* and *C. A. Lewis,* for defendants in error.

*Per Curiam:* The Continental Insurance Company issued to Francis & Pratt, as owners, a policy of insurance upon a stock of merchandise, and afterward made the loss, if any should occur, payable to George M. Townsend, a chattel mortgagee. The property was destroyed by fire, and no proof of loss, as required by the terms of the policy, was ever furnished. Francis & Pratt and Townsend joined in an action against the insurance company to recover on the policy. A trial was had before the court without a jury, and the following finding of fact was made, based upon a proper allegation in the petition :

"That on or about August 1, 1900, the acting and authorized adjuster of the defendant, T. E. Griffith, adjusted the said loss at about $1400, to be paid in ten days, saying that the same would be paid, though a short time thereafter he stated that the same would not be paid because of the title to the property insured having been changed from the plaintiffs, Francis & Pratt, to the mortgagee thereof, George M. Townsend, prior to the loss under the policy. The adjustment appears to have been made, and the conversation had, with George M. Townsend."

As a conclusion of law the court held that, by reason of the acts of the company, by and through its adjuster, the plaintiffs were relieved of the necessity of preparing and presenting a formal proof of loss under the policy.

It is contended that because the statement of the adjuster that the loss would not be paid on account of

the claimed change of the title of the property was made to Townsend, and so far as the evidence is concerned was not communicated to Francis & Pratt, the latter were not relieved of the necessity of making proof of loss.   However this may be, the fact that the adjuster appeared and actually adjusted the loss and determined the amount and time of its payment with one of the parties interested in the contract is, of itself, sufficient to obviate the necessity of making proof of loss.   When the company had gone to the extent disclosed by the finding of fact quoted with any one of the parties substantially interested in the contract of insurance, it had no right to require the performance of preliminary matters like the proof of loss from any of the parties.   The non-waiver agreement entered into by Francis & Pratt with the company related only to the conduct of the company in investigating the cause of the fire, and investigating and ascertaining the loss and amount of damage on the part of the company on its own behalf, and did not relate to an actual adjustment of the loss with the beneficiaries under the policy.

The various assignments of error have been investigated, but the record presents nothing requiring that the judgment of the district court be reversed, and it is, therefore, affirmed.

All the Justices concurring.